*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-427

APRIL TERM, 2013

| | | |
|---|---|---|
| Joel E. Langlois | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Mary Langlois | } | DOCKET NO. 219-9-04 Bndm |

Trial Judge: David Howard

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the trial court's order denying his request to modify spousal maintenance. We affirm.

Pursuant to the parties' 2007 final divorce order, plaintiff was required to pay defendant $850 per month in spousal maintenance for six years and $425 per month for two years thereafter. During the ensuing years, the parties sought the court's intervention in connection with a host of financial issues, including motions to enforce and for contempt in connection with the spousal maintenance obligation, child support modifications, and issues relating to parental rights and responsibilities. In 2012, plaintiff moved to modify his spousal maintenance obligation. Following a hearing, the court denied his request. That ruling is the subject of this appeal.

The court found as follows. Plaintiff argued that modification was appropriate because his New York home had been foreclosed upon. In light of the foreclosure proceedings, plaintiff and his wife moved to Vermont in 2009, and they later filed for bankruptcy. Plaintiff now lives in a mobile home with his new wife and children on his in-laws' property. He and his wife do chores in lieu of paying rent. Plaintiff also changed jobs as a result of the move to avoid greater gas costs and travel time. He earns approximately $1 less per hour than his previous job, or $50 less per week. In 2011, plaintiff's foreclosure debt as well as plaintiff's and his wife's other debts were discharged in the bankruptcy proceeding. The court found that although plaintiff now lives in a mobile home rather than a house, he has less debt than before due to the bankruptcy proceeding, leaving more money for other expenses.

As to defendant's circumstances, the court found that she had recently moved out of the marital home and moved in with her father due to financial difficulties. Plaintiff's failure to pay maintenance contributed to defendant's financial difficulties. Although defendant now lived in a nicer residence, the court found that she was dependent on her father's largesse for housing and,

in many respects, she was less well off than before. The court found that defendant very much needed the continued level of maintenance to maintain even a modest lifestyle.

Plaintiff also asserted that maintenance should be reduced because defendant had been living in the marital home, which was awarded to him in the divorce, and she had stayed there past the one year allowed to her under the divorce decree. The court found that this issue had been the subject of prior hearings and decisions. It noted that defendant's ability to move out had been hampered by plaintiff's failure to pay maintenance. For that reason, defendant had been allowed to remain in the marital residence. At one point, the court proposed to cancel $8000 in maintenance if plaintiff signed over the mobile home to defendant. That did not happen, however, and plaintiff lost the mobile home in the bankruptcy proceeding without getting any credit for it against his maintenance arrearage. The court found that defendant bore no fault for any issue over the mobile home, and concluded that the facts surrounding this issue did not justify any reduction in maintenance.

Based on its findings, the court concluded that plaintiff failed to show a real, substantial, and unanticipated change of circumstances necessary for the court to modify maintenance. See Taylor v. Taylor, 175 Vt. 32, 36 (2002) (recognizing that trial court may modify maintenance order only if it finds "a real, substantial and unanticipated change of circumstances," and court has discretion in deciding whether changed circumstances exist). As set forth above, the court found that plaintiff's earnings were almost the same as before and he had fewer debts. He did not have to pay rent. While he had moved from a house to a mobile home, the court found that this fact, when weighed with all the other facts and circumstances, did not amount to a real, substantial, and unanticipated change of circumstances. The court noted that plaintiff's spousal maintenance obligation would be reduced automatically, consistent with the divorce order, in approximately six months. Defendant meanwhile had to move in with her father. She faced financial difficulties due to plaintiff's actions. Plaintiff's claim that she was enjoying a better lifestyle because her father's house was nicer than the marital home ignored the fact that she was dependent on her father's generosity instead of having her own place. For these reasons, the court denied the motion. This appeal followed.

At the outset, we emphasize that the only order on appeal is the court's denial of plaintiff's motion to modify spousal maintenance, and the only question before us is whether the court erred in denying this motion. We do not consider plaintiff's challenges to other orders that are not properly before us. For example, plaintiff argues that the problems with this case go back to the beginning of the whole divorce proceeding. He points to the lack of findings in the 2007 final divorce order, a claimed violation of the Serviceman's Civil Relief Act in connection with the temporary child support order, and the trial court's claimed failure to consider that plaintiff was already required to make a substantial monthly maintenance supplement payment to defendant pursuant to the child support order when it included an additional spousal maintenance award. The unappealed 2007 final divorce order and the 2007 child support order have long been final, and plaintiff cannot now challenge the rulings. Likewise, plaintiff challenges the trial court's orders in connection with prior contempt motions, including orders relating to defendant's continued occupancy of the residence awarded to plaintiff in the final divorce order beyond the period provided in the final order and defendant's non-payment of rent in connection with that occupancy. Neither of these issues is the subject of this appeal of the trial court's

denial of his motion to modify. Finally, plaintiff argues that a prior garnishment order in this case required garnishment of a higher percentage of his disposable income than allowed by law. 15 U.S.C. § 1673(b)(2)(A). The magistrate has since stricken the garnishment provision, and it is not on appeal here.

We thus turn to plaintiff's claims relating to the denial of his motion to modify spousal maintenance. Because plaintiff did not order a transcript, we must assume that the court's findings are supported by the record. See V.R.A.P. 10(b)(2) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."); In re S.B.L., 150 Vt. 294, 307 (1988) (explaining that appellant bears consequences of failing to order transcript and without transcript Supreme Court assumes that evidence supports trial court's findings).

We thus reject plaintiff's contention that the court erred in finding that his financial situation had not changed significantly; that defendant was under financial strain due in part to plaintiff's failure to pay spousal maintenance; and that defendant moved in with her father due to financial difficulties. We cannot credit plaintiff's argument that the court misunderstood wife's sources of income or living situation. We cannot consider plaintiff's arguments that he is under so much financial strain that he qualifies for public assistance, and that the only reason he does not currently pay rent is that he cannot afford it. And we cannot review plaintiff's claims that defendant did not tell the truth about the parties' daughter's income and both children's bank accounts, and that defendant must be making more than she claims. All of these arguments require us to review the testimony before the trial court and to determine whether there was enough evidence to support the trial court's conclusions—something we cannot do without a transcript.

Plaintiff points to the parties' filed affidavits of income and assets and argues that the combination of spousal maintenance, maintenance supplement, and child support payments to defendant requires him to pay an unreasonably high percentage of his total gross income to defendant, while covering all of defendant's monthly expenses. The trial court could go through the calculations defendant suggests only if it first found a real, substantial, and unanticipated change of circumstances that allowed the court to consider modifying the original order. As noted above, the trial court concluded that plaintiff had not proven enough of a change in circumstances to get to that step in the analysis, and on the record available to us we cannot conclude that the trial court's conclusion about that was wrong.

Plaintiff next argues that defendant did not promptly respond to pretrial discovery requests and that the trial court should have held defendant in contempt for that. The trial court dismissed plaintiff's contempt motion once defendant actually provided the information. Plaintiff asserts in a general way that defendant's delay in providing discovery answers hampered his ability to ask follow-up discovery questions before the trial. Plaintiff does not identify any specific information that he could not get, and he fails to show how any delay in discovery affected the court's decision on the motion to modify.

Finally, we reject plaintiff's claim that the trial court showed favoritism by denying his motion to hold defendant in contempt.  See DeLeonardis v. Page, 2010 VT 52, ¶ 30, 188 Vt. 94 (emphasizing that adverse rulings alone do not show bias).

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice